[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 5, 2006
THOMAS K. KAHN
CLERK

No. 05-15411
Non-Argument Calendar

_____

D. C. Docket No. 04-60152-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD ALLEN STUMPNER
a.k.a. Richard Allen Anthony,
a.k.a. Romie Addison Crawley,
a.k.a. Jack Cady,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 5, 2006)**

Before TJOFLAT, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Appellant Richard Allen Stumpner appeals his 292 month sentence for conspiracy, possession, and intent to distribute cocaine, and possession of a firearm by a convicted felon and fugitive, in violation of 21 U.S.C. §§ 963, 846, 841(a)(1), and 18 U.S.C. §§ 922(g)(1) and (2), and argues it was unreasonable under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). Specifically, Stumpner argues that his sentence is excessive and unreasonable and because he is an elderly, 74-year old, man who suffered from long-term drug addiction, the purposes of sentencing would be satisfied by a much shorter term of custody.[1] Stumpner also argues that his sentence is unreasonable because the district court did not analyze the sentencing factors set forth in 18 U.S.C. § 3553(a). Stumpner further argues that the district court focused on one factor set forth in 18 U.S.C. § 3553(a)(4), the sentencing range, but did not analyze his argument that a lengthy sentence below the advisory guideline range was sufficient. In addition, Stumpner argues that the district court did not mention a second factor, § 3553(a)(1) (the nature and circumstances of the offense and history and characteristics of the defendant), in pronouncing his sentence.

---

[1] On appeal, Stumpner does not challenge the district court's denial of his motion for a minor role adjustment; therefore, such claim is abandoned. *See United States v. Scott*, 426 F.3d 1324, 1328 (11th Cir. 2005).

We have "jurisdiction under §3742(a)(1) to review sentences for unreasonableness." *United States v. Martinez*, 434 F.3d 1318, 1322 (11th Cir. 2006).

Sentences imposed under an advisory guidelines system are reviewed for reasonableness. *United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 765, 160 L. Ed. 2d 621 (2005). Following the *Booker* decision, we stated that the district court must first correctly calculate the defendant's guideline range, then, using the 18 U.S.C. § 3553(a) sentencing factors, the court can impose a more severe or more lenient sentence as long as it is reasonable. *United States v. Crawford*, 407 F.3d 1174, 1179 (11th Cir. 2005). Furthermore, "[r]eview for reasonableness is deferential." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both th[e] record and the factors in section 3553(a)." *Id.* A sentence within the advisory guidelines range is not *per se* reasonable, but is expected to be reasonable. *Id.*

The specific factors to be taken into consideration under a reasonableness review are those found in 18 U.S.C. § 3553(a). *See Booker*, 543 U.S. at 261, 125 S. Ct. at 765. The factors to be considered include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed --(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed [treatment]. . . .

18 U.S.C. § 3553(a).

We have held, "nothing in *Booker* or elsewhere requires the district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). Accordingly, we do not review for the specific enumeration of the § 3553(a) factors; rather we use those factors to determine if a sentence is reasonable. *Id.* Furthermore, we have held that a district court's statement that it has considered the § 3553(a) factors is alone sufficient in post-*Booker* sentences to indicate that it considered the factors. *Id.* We have held that the defendant's sentence was reasonable when the district court accurately calculated the guideline range, stated that it had considered the § 3553(a) factors, and sentenced the defendant at the low end of the range which reflected the court's consideration of his evidence in mitigation. *See Scott*, 426 F.3d at 1330.

The sentencing guidelines present policy statements suggest that "[a]ge may be a reason to depart downward in a case in which the defendant is elderly and

4

infirm. . . ." U.S.S.G. § 5H1.1. In addition, the policy statements provide that "[d]rug or alcohol dependence or abuse is not a reason for a downward departure." U.S.S.G. § 5H1.4.

Here, the record demonstrates that the district court considered the § 3553(a) factors, accurately calculated the guideline range, and sentenced Stumpner at the low end of the guidelines range. *See Scott*, 426 F.3d at 1330. First, the district court explicitly mentioned its consideration of the § 3553(a) factors when it stated, "[t]he Court . . . has consulted and taken into account the advisory sentencing guidelines as well as the sentencing factors enumerated in [§ 3553(a)], including the need for the sentence in this case to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment, adequate deterrence and to protect the public." *See Winingear*, 422 F.3d at 1246.

Second, the district court explicitly mentioned its consideration of Stumpner's arguments when it stated, "[t]he Court has considered the statements of the parties . . . ." The district court rejected Stumpner's argument that he should receive a lesser sentence because he was 74-years old and the recommended guideline range would practically impose a life sentence. The district court concluded that Stumpner's criminal history and the seriousness of the instant

5

offenses outweighed his elderly status and warranted a sentence within the recommended guideline range. *See* U.S.S.G. § 5H1.1. Moreover, Stumpner did not present any evidence to show that he was infirm or unable to handle incarceration.

Stumpner's argument that he should receive a reduced sentence because he has suffered from long-term drug addiction fails because even under the sentencing guidelines policy statements, drug or alcohol dependence or abuse is not a valid reason for departure.

For the foregoing reasons, we affirm Stumpner's sentence.

**AFFIRMED.**